UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

                                      Case No. 15-20111

WAUKEEM ROBERT SPRAGGINS          HON. AVERN COHN

    Defendant-Petitioner.

_____/

### ORDER DENYING MOTION TO VACATE UNDER 28 U.S.C. § 2255 (Docs. 14, 17) AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

I.  Introduction

This is a case under 28 U.S.C. § 2255. Petitioner Waukeem Robert Spraggins (Petitioner), proceeding pro se, plead guilty under a Rule 11 agreement to one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, associated with the operation of a multi-state auto theft ring. The judgment also ordered $149,114 in resititution.

Before the Court is Petitioner's motion under § 2255, raising claims related to the restitution amount, including ineffective assistance of counsel, and an alleged failure to be advised on his appellate rights. (Doc. 14, as amended by Doc. 17). The government filed a response, Doc. 21, and Petitioner filed a reply, Doc. 22. The matter is now ready for decision. For the reasons that follow, the motion will be denied.

II.  Background

Petitioner was charged by Information in the District Court of Northern Ohio with one count of conspiracy to commit wire fraud.  Petitioner and the government later consented to a transfer of the case to this district.

Petitioner pled guilty to the Information under a Rule 11 agreement.  In the Rule 11 agreement, the government recommended a guideline range of 100-125 months; Petitioner recommended a guideline range of 84-105 months.  As to restitution: "The Court shall order restitution to every identifiable victim of defendant's offense. There is no agreement on restitution. The Court will determine who the victims are and the amounts of restitution they are owed."  (Doc. 6, Plea Agreement, at p. 13)

At sentencing, the Court sentenced Petitioner to 90 months and ordered restitution of $176,114.  However, since three victims could not be identified, the Judgment ordered only $149,114 in restitution.

Petitioner did not file a direct appeal.

Petitioner then timely filed the instant motion under § 2255.

III.  The Law

Title 28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States. . .or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

To prevail under § 2255, petitioner must show a "fundamental defect which inherently results in a complete miscarriage of justice."  United States v. Timmreck, 441

U.S. 780, 783 (1979) (quoting Hill v. United States, 386 U.S. 424, 428 (1962)).

In order to succeed on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance was constitutionally deficient in that the performance "fell below an objective standard of reasonableness under prevailing professional norms" and (2) that he was prejudiced by his counsel's errors. Magana v. Hofbauer, 263 F.3d 542, 547 (6th Cir. 2001) (citing Strickland v. Washington, 466 U.S. 668, 687-88 (1984)). In order to establish prejudice, a petitioner must demonstrate that "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "The Strickland analysis also applies to claims of ineffective assistance of counsel involving counsel's advice offered during the plea process." Magana, 263 F.3d at 547 (quoting Hill v. Lockhart, 474 U.S. 52, 58 (1985)).

In the guilty plea context, while the performance prong of the Strickland test remains the same, to establish prejudice the petitioner must show that there is a reasonable probability that, but for counsel' errors, he would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). The Supreme Court has also said that where a defendant pleads guilty, it places significant limitations on the right to collaterally attack a sentence. The basic rule is that "a voluntary and intelligent plea of guilty made by an accused person who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 508 (1984). Generally, the only claims that such a prisoner can make are: (1) that his plea was not voluntary and intelligent; (2) that he received ineffective assistance of counsel prior to entering the plea; or (3) that on the face of the record it is

clear that the district court had no power to enter the conviction or impose the sentence. Mabry, 467 U.S. at 508; United States v. Broce, 488 U.S. 563, 569 (1989).

## IV.  Analysis

Most all of Petitioner's claims flow from the argument that the judgment should be set aside because the restitution in the judgment is lower than it should have been. The Court initially ordered $176,614 in restitution as recommended by the Probation Department but noted that the amount may be adjusted. It was later adjusted as reflected in the judgment to $149,114 because three victims could not be identified. As explained below, this was not improper and does not provide a basis for relief under § 2255.

### A.  Restitution

The government says that to the extent Petitioner is challenging the amount of his restitution, it cannot be raised in a motion under § 2255. The Court agrees. As one district court explained:

> Stand-alone claims challenging restitution are not cognizable under § 2255. Section 2255 provides that "[a] prisoner in custody under sentence of a [federal] court claiming the right to be released ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. "The plain language of § 2255 provides only prisoners who claim a right to be released from custody an avenue to challenge their sentences." United States v. Watroba, 56 F.3d 28, 29 (6th Cir. 1995). Movant's restitution claims do not challenge the length of his confinement or otherwise suggest a right to be released from custody. Restitution, like the monetary fine discussed in Watroba, "is not a sufficient restraint on liberty to meet the 'in custody' requirement for § 2255 purposes." Id. (quoting United States v. Segler, 37 F.3d 1131, 1137 (5th Cir.1994)).

Singh v. United States, 2009 WL 1770656, *4 (W.D. Mich. June 23, 2009).

4

Moreover, even if Petitioner could challenge the amount of restitution under § 2255, he still cannot prevail.  At sentencing, a district court is required to order ... that the defendant make restitution to the victim of the offense." 18 U.S.C. § 3663A(a) (1) (restitution shall be ordered in the "full amount of each victim's losses" and "without consideration of the economic circumstances of the defendant"). 18 U.S.C. § 3664(f)(1)(A).  The statute requires the government to prove the amount of each victim's loss by a preponderance of the evidence. 18 U.S.C. § 3664(e).  The statute further requires the Probation Office to issue a report that includes "information sufficient for the court to exercise its discretion in fashioning a restitution order." Id. § 3664(a).  This requires the Probation Office to obtain a list of the victims and the amounts subject to restitution and seek confirmation of these amounts from the identified victims.  Id. § 3664(d)(1)-(2).

However, "[r]estitution can only be imposed to the extent that the victims of a crime are actually identified." United States v. Catoggio, 326 F.3d 323, 328 (2d Cir. 2003); see also 18 U.S.C. § 3663A(c)(1)(B) (specifying that the MVRA applies only when "an identifiable victim or victims has suffered a physical injury or pecuniary loss").

Here, because three of the victims of Petitioner's fraud could not be identified, the Court could not order restitution for them.  Accordingly, it was proper to reduce the agreed restitution amount to reflect that restitution cannot be ordered to victims who have not been identified.  There was no error, much less error warranting relief under § 2255.

B.  Ineffective Assistance of Counsel

Petitioner says that his counsel was ineffective by (a) stipulating to a loss amount

5

where victims had not been identified; (b) failing to investigate whether the Probation Department had received the identities of the victims; and (c) failing to object to restitution for one vehicle - a 2012 Dodge Challenger - where the VIN number had not been identified.

Even assuming, arguendo, that counsel was ineffective in any of these regards, Petitioner cannot demonstrate prejudice. Petitioner received a more favorable result; he was not ordered to pay restitution relating to three vehicles. For the three victims who were not identified, he was ordered to pay restitution. Therefore, even if counsel was ineffective for stipulating to loss amounts or failing to investigate whether Probation had identified the victims, he was in no way prejudiced by such actions.

Petitioner also cannot prevail on his argument that counsel was ineffective to failing to object to restitution for the 2012 Dodge Challenger. This was one of the vehicles which had an unidentified victim. As such, Petitioner did not have to pay restitution for it. Counsel was not deficient in failing to object to something which benefitted Petitioner, nor was Petitioner prejudiced as a result.

Overall, counsel was not ineffective in the way in which he handled restitution. Petitioner is not entitled to relief on this ground.

## C. Appellate Rights

Petitioner is also not entitled to relief on his claim that the Court failed to advise him of his appellate rights. In Peguero v. United States, 526 U.S. 23, 27 (1999), the Supreme Court held that a district court's failure to advise a defendant of his right to appeal is subject to a harmless error analysis.

As part of the plea agreement, Petitioner explicitly waived his right to appeal his

conviction and sentence. The appeal waiver of the Rule 11 agreement reads:

> 5. Appeal Waiver
> The defendant waives any right he may have to appeal his conviction. If the defendant's sentence does not exceed 125 months, the defendant also waives any right he may have to appeal his sentence.

(Doc. 6, Plea Agreement at p. 14). Petitioner's 90 month sentence did not exceed 125 months. The Court correctly noted at sentencing that Petitioner waived his right to appeal his conviction and sentence. Both the government and Petitioner's counsel agreed at sentencing that appeal rights were waived. Accordingly, even if the Court had advised Petitioner of his appellate rights and he chose to file an appeal, any appeal would have been barred by the plain terms of his plea agreement. Therefore, he cannot show any prejudice regarding his appellate rights.

Petitioner, however, says that if he had been advised of his appellate rights, he would have filed an appeal on the issue of restitution. This argument lacks merit. It is well-established that the terms of a broad appellate waiver, like the one in Petitioner's plea agreement, bar an appeal of restitution issues. See United States v. Sharp, 442 F.3d 946, 952 (6th Cir. 2006) (holding that appellate waiver prohibited defendant from challenging restitution amount); United States v. Winans, 748 F.3d 268, 271 (6th Cir. 2014) ("Because restitution is a part of [defendant's] sentence, and [defendant] waived "any right he may have to appeal his sentence," the waiver extinguished [defendant's] right to appeal the restitution order.").

## V. Conclusion

For the reasons stated above, Petitioner has not demonstrated that he is entitled to relief under § 2255. Accordingly, the motion is DENIED.

Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore DECLINES to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2).[1]  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: June 14, 2016
       Detroit, Michigan

---

[1] The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. See Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.